IN THE SUPREME COURT OF THE STATE OF ARIZONA
En Banc

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | Supreme Court |
| | ) | No. CR-01-0329-PR |
| Respondent, | ) | |
| | ) | Court of Appeals |
| v. | ) | Division Two |
| | ) | No. 2 CA-CR 01-0002 PRPC |
| MARK ANDREW RYAN, | ) | |
| | ) | Pima County Superior Court |
| Petitioner. | ) | No. CR-60430 |
| _____ | ) | |

**MEMORANDUM DECISION**
(Not for publication; Rule 111,
  Arizona Rules of the Supreme Court)

Petition for Review from the Superior Court in Pima County
The Honorable Richard D. Nichols, Judge
REMANDED WITH INSTRUCTIONS

Memorandum Decision of the Court of Appeals
Division Two, filed June 14, 2001
VACATED

Janet A. Napolitano, Arizona Attorney General                                    Phoenix
        By:     Randall M. Howe, Chief Counsel
                   Criminal Appeals Section
                Eric J. Olsson, Assistant Attorney General                       Tucson
Attorneys for State of Arizona

Susan A. Kettlewell, Pima County Public Defender                                 Tucson
        By:     Harold L. Higgins, Jr.
Attorneys for Mark Andrew Ryan

Lisa Daniel Flores                                                               Phoenix
Attorney for Honorable Jane D. Hull, Amicus Curiae

FELDMAN, Justice

¶1        A jury found Mark Andrew Ryan (Defendant) guilty of negligent homicide, and the trial judge sentenced him in March 1999 to a mitigated 4-year prison term.  In the sentencing order, the judge included a special order allowing Defendant to petition the Board of Executive Clemency (Board) for commutation pursuant to A.R.S. § 13-603(L) because he believed the sentence was too harsh.  Defendant petitioned the Board, and in late 1999, the Board unanimously recommended to the Governor that Defendant's sentence be reduced to 1.5 years.  The Governor denied the commutation recommendation on February 8, 2000.

¶2        Defendant subsequently filed a petition for post-conviction relief pursuant to Rule 32, Ariz.R.Crim.P.  He argued that the although the Governor signed the denial, she failed to have it attested by the Secretary of State until October 12, 2000.  Defendant's 1.5-year reduced sentence would have expired at the latest in September 2000.  The trial judge denied relief, and the court of appeals granted review but denied relief by memorandum decision.  *State v. Ryan*, No. 2 CA-CR 01-0002 PRPC (filed June 14, 2001) (mem. dec.).

¶3        On review of *McDonald v. Thomas*, we held that denial of a unanimous Board recommendation was valid only if the Governor signed such denial *and* had it attested by the Secretary of State.  202 Ariz. 35, 46 ¶ 35, 40 P.3d 819, 830 ¶ 35 (2002).  *McDonald* was decided pursuant to the provisions of the Disproportionality Review Act.  This case, on the other hand, falls under A.R.S. § 31-402(D), which contains the identical requirement that "[a]ny recommendation for commutation that is made unanimously . . . and that is not acted on by the governor within ninety days after the board submits its recommendation . . . automatically becomes effective."  Because the denial was not attested by the Secretary of State until some eight months after the Governor signed it, the denial is not valid.  *McDonald*, 202 Ariz. at 46 ¶ 35, 40 P.3d at 830 ¶ 35.

2

**¶4** We therefore vacate the court of appeals' memorandum decision and remand this matter to the trial court with instructions to grant post-conviction relief consistent with this decision.

_____
STANLEY G. FELDMAN, Justice

CONCURRING:

_____
CHARLES E. JONES, Chief Justice

_____
RUTH V. McGREGOR, Vice Chief Justice

_____
REBECCA WHITE BERCH, Justice